IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE NUMBER |
| | ) _____ |
| v. | ) ) |
| FOOD TO GO, INC.; TERRI BURDINE FISCHER; JOYCE HUTCHINSON; HORACE HUTCHINSON, as the Court Appointed Personal Administrator of the Estate of HOWARD HUTCHINSON; and FELICIA MCEWAN. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT**

Plaintiff Allied Property and Casualty Insurance Company ("Allied") files this Complaint for Rescission and Declaratory Judgment.

**PARTIES**

1.

Plaintiff Allied is a corporation organized under the laws of Iowa with its principal place of business in Iowa.

2.

Defendant Food To Go, Inc. ("FTG") is a corporation organized under the laws of Georgia with its principal place of business in DeKalb County, Georgia. It may be served with process through its registered agent, Alan I. Bergner, at 1280 W. Peachtree Street, Suite 230, Atlanta, Georgia 30309. FTG seeks coverage as the named insured under an insurance policy issued by Allied for liability claims asserted by Defendants Joyce Hutchinson, Horace Hutchinson, and Felicia McEwan in lawsuits filed in the State Court of DeKalb County styled <u>Joyce Hutchinson and Horace Hutchinson, as the Court Appointed Representative of the Estate of Howard Hutchinson v. MPC, Inc., et al.</u>, Civil Action File No. 13A48404-3 and <u>Felicia McEwan v. MPC, Inc., et al.</u>, Civil Action File No. 13A48403-3 (collectively, "Underlying Lawsuits").

3.

Defendant Terri Burdine Fischer is a citizen of Georgia. She may be served with process at her residence at 6000 E. Gate Court, Stone Mountain (DeKalb County), Georgia 30087. Fischer is an owner and officer of FTG and a defendant in the Underlying Lawsuits and seeks coverage from Allied for the liability claims asserted in the Underlying Lawsuits.

4.

Defendant Joyce Hutchinson is a citizen of Georgia. She may be served with process at her residence at 7528 Parkland Bend, Fairburn (Fulton County), Georgia 30213. Joyce Hutchinson has asserted liability claims in one of the Underlying Lawsuits. She is properly named so she will be bound by the coverage rulings of this Court.

5.

Defendant Horace Hutchinson, as the Court Appointed Personal Administrator of the Estate of Howard Hutchinson, is a citizen of Georgia. Upon information and belief, Howard Hutchinson, deceased, was a citizen of Georgia. Horace Hutchinson may be served with process at his residence at 905 Shannon Road, Loganville (Gwinnett County), Georgia 30052. Horace Hutchinson has asserted liability claims in one of the Underlying Lawsuits. He is properly named so he will be bound by the coverage rulings of this Court.

6.

Defendant Felicia McEwan is a citizen of Georgia. She may be served with process at her residence at 1788 Arbor Gate Drive, Lawrenceville (Gwinnett County), Georgia 30044. McEwan has asserted liability claims in one of the Underlying Lawsuits. She is properly named so she will be bound by the coverage

rulings of this Court.

## **JURISDICTION**

7.

There is complete diversity of citizenship between Plaintiff, who is a citizen of Iowa, and Defendants, who are citizens of Georgia.

8.

The amount in controversy exceeds $75,000.

9.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

10.

There is an actual case or controversy concerning Allied's right to rescind policies delivered to FTG in DeKalb County, Georgia and to determine Allied's coverage obligations, if any, for the liability claims asserted in the Underlying Lawsuits.

11.

Defendants are subject to the personal jurisdiction of this Court.

12.

Venue is proper in this Court because all Defendants reside in the Atlanta Division of this District.  28 U.S.C. § 1391(b)(1); LR 3.1B(1)(a), NDGa.

## **INSURANCE POLICIES**

13.

On or about June 3, 2008, FTG submitted an application for coverage to Allied, describing its operations as: "meals to go restaurant.  No seating."  FTG further represented to Allied that it did not own or operate any other type of business.  A true and complete copy of the application submitted on or about June 3, 2008 is attached as Exhibit A.

14.

Defendant Fischer signed the application on May 30, 2008 as an authorized representative of FTG, certifying that the answers in the application were true, correct, and complete.  A true and complete copy of the application signed on May 30, 2008 is attached as Exhibit B.

15.

In the signed application, Fischer checked "NO" in response to the following questions on behalf of FTG:

> HAS APPLICANT BEEN ACTIVE IN OR IS CURRENTLY ACTIVE IN JOINT VENTURES?

IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS OR SUBSIDIARIES?

16.

In the signed application, Fisher also indicated that FTG has "0" guards or watchmen.

17.

Based on the truth of the representations made, Allied issued policy number ACP BPFC 7103442800 to FTG as the named insured for the period June 1, 2008 to June 1, 2009 and renewed coverage for successive annual periods under the following policy numbers: ACP BPFC 7113442800 for the period June 1, 2009 to June 1, 2010; ACP BPFC 7123442800 for the period June 1, 2010 to June 1, 2011; ACP BPFC 7133442800 for the period June 1, 2011 to June 1, 2012; and ACP BPFC 7143442800 for the period June 1, 2012 to cancellation effective September 20, 2012 (collectively, the "Policies"). True, complete, and certified copies of the Policies are attached as Exhibits C through G.

18.

The Declarations page in each of the Policies describes FTG's business as a "meals to go restaurant."

19.

Coverage under each of the Policies is subject to the "COMMON POLICY CONDITIONS," which includes, in pertinent part, the following:

> C. **CONCEALMENT, MISREPRESENTATION OR FRAUD**
>
> 1. This policy is void in its entirety in any case of fraud, at any time, by [FTG] or [FTG's] representative as it relates to this policy.
>
> 2. This policy is also void if [FTG], [FTG's] authorized representative or any other insured, at any time, conceal or misrepresent any material fact, or violate any material warranty, concerning:
>
>    a. This policy, including [FTG's] application for this policy;
>
>    ***
>
> 3. [Allied] also ha[s] the right to rescind this policy based upon any other grounds provided by law.

20.

Under the Liability Coverage Form in each of the Policies ("Liability Form"), Allied agreed, in pertinent part, to cover FTG for its liability "because of 'bodily injury'" that "occurs during the policy period" and "is caused by an 'occurrence.'"

21.

The Liability Form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," and defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22.

The Liability Form excludes coverage for "Liquor Liability" by providing that the insurance, including a duty to defend, does not apply to:

> "Bodily injury" … for which any insured may be held liable by reason of:
>
> 1) Causing or contributing to the intoxication of any person;
>
> 2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> 3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you:
>
> 1) Manufacture, sell or distribute alcoholic beverages;
>
> 2) Serve or furnish alcoholic beverages for a charge whether or not such activity;
>
>> a) Requires a license; or

    b) Is for the purpose of financial gain or livelihood; or

3) Serve or furnish alcoholic beverages without a charge, if a license is required for such activity.

### 23.

The Liability Form defines insureds, in pertinent part, to include:

> [FTG's] "executive officers" and directors are insureds, but only with respect to their duties as [FTG's] officers or directors. [FTG's] stockholders are also insureds, but only with respect to their liability as stockholders.

### 24.

The Liability Form contains the following conditions precedent to coverage:

2. **Duties In The Event of Occurrence, Offense, Claim or Suit**

    a. [FTG] and any insured must see to it that [Allied is] notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:

    1) How, when and where the "occurrence" or offense took place;

    2) The names and addresses of any injured persons and witnesses; and

    3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.     If a claim is made or "suit" is brought against any insured, [FTG] must:

         1)    Immediately record the specifics of the claim or "suit" and the date received; and

         2)    Notify [Allied] as soon as practicable.

         [FTG] must see to it that [Allied] receive[s] written notice of the claim or "suit" as soon as practicable.

    c.     [FTG] and any other involved insured must:

         1)    Immediately send [Allied] copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

## UNDERLYING LAWSUITS

25.

In the Underlying Lawsuits, Defendants Joyce Hutchinson, Horace Hutchinson, and Felicia McEwan seek to recover for injuries allegedly resulting from a motor vehicle accident that occurred on August 20, 2011. True and complete copies of the complaints in the Underlying Lawsuits are attached as Exhibits H and I.

26.

According to the complaints, Fischer owns and operates multiple corporate

entities, including FTG, all of which do business as Strokers' Strip Club.

27.

Further, according to the complaints, Strokers' Strip Club's gross income from alcohol sales exceeds $2,000,000 annually.

28.

According to the complaints, the accident involved a vehicle driven by an individual named Luke Hayes who was "sold, served and furnished" alcohol by Strokers' Strip Club. Further, according to the complaints, Hayes was "sold, furnished or served" alcohol while in a noticeable state of intoxication and when the defendants in the Underlying Lawsuits knew or should have known that he would be driving a motor vehicle soon.

29.

Based on these allegations, liability for compensatory and punitive damages is claimed under Georgia's Dramshop Act, codified at O.C.G.A. § 51-1-40, as well as attorney's fees and costs of litigation under O.C.G.A. § 13-6-11.

30.

Allied has reserved its rights with respect to coverage in the Underlying Lawsuits. A true and complete copy of Allied's reservation of rights letter is attached as Exhibit J.

## ADDITIONAL ALLEGATIONS

31.

FTG was aware of the accident soon after it occurred.

32.

Allied was not notified of the August 20, 2011 accident until August 27, 2013, over two years later.

33.

Contrary to the representations in its insurance application, FTG hires security guards.

34.

According to the allegations in the Underlying Lawsuits, Fischer owns and operates multiple corporate entities, including FTG, all of which jointly operate Strokers' Strip Club.  These allegations are contrary to the representations in FTG's insurance application that it has no seating; that it does not own or operate any other type of business; that it has not been active in joint ventures; and that it does not interchange labor with any other businesses or subsidiaries.

## COUNT I - RESCISSION

35.

FTG made material misrepresentations, omissions, concealed facts, and/or

incorrect statements to Allied in applying for coverage under the Policies.

36.

FTG's misrepresentations, omissions, concealment of facts, and/or incorrect statements to Allied in applying for coverage were fraudulent.

37.

Alternatively, FTG's misrepresentations, omissions, concealment of facts, and/or incorrect statements to Allied in applying for coverage were material to Allied's acceptance of the risk and the hazard assumed by Allied.

38.

Alternatively, Allied in good faith would not have issued or renewed the Policies, would not have issued coverage in as large an amount or at the premium rate as applied for, or would not have covered the claims in the Underlying Lawsuits if FTG had disclosed the true facts to Allied in applying for coverage.

39.

Allied tenders the premium of the Policies back to FTG and will seek leave to deposit the sums in this Court's registry pending resolution of this action.

40.

Pursuant to O.C.G.A. § 33-24-7, Allied is entitled to rescind and void each of the Policies *ab initio*.

## COUNT II – DECLARATORY JUDGMENT

41.

The Underlying Lawsuits allege injuries that occurred during the period of policy number ACP BPFC 7133442800 issued for the period June 1, 2011 to June 1, 2012.  (See Ex. F.)

42.

FTG breached conditions precedent to coverage by failing, without justification, to notify Allied "as soon as practicable of an 'occurrence' or an offense that may result in a claim."   As such, any coverage afforded by the policy is void without a showing of prejudice under Georgia law.

43.

Alternatively, coverage is excluded under the applicable policy because the Underlying Lawsuits seek damages for "bodily injury" based on conduct that falls within the Liquor Liability exclusion in the applicable policy.

44.

Based on all the terms, conditions, and exclusions in all of the Policies (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy considerations, Allied is entitled to a declaration that it has no duty to defend or indemnify FTG and Fischer for the

claims asserted in the Underlying Lawsuits.

45.

WHEREFORE, Allied prays that the Court:

(a) Rescind each of the Policies based on misrepresentations and/or omissions in the underwriting process;

(b) In the alternative, declare that Allied owes no duty to defend or indemnify the claims asserted in the Underlying Lawsuits;

(c) Convene a jury to resolve all issues so triable; and

(d) Award other and further relief as is just and proper.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jonathan J. Kandel
Georgia Bar No. 940584
jkandel@fmglaw.com

Attorneys for Plaintiff Allied Property and Casualty Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960